UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GALEANA TELECOMMUNICATIONS
INVESTMENTS, INC.,

       Plaintiff/Counter-Defendant,

v.

AMERIFONE CORP.,

       Defendant/Counter-Plaintiff,

and

FIRST INTERNATIONAL EXCHANGE
GROUP, INC., et al.

       Defendants.
_____/

Case No. 15-cv-14095

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS (Dkt. 52)**

      This matter is before the Court on Plaintiff/Counter-Defendant Galeana Telecommunications Investments, Inc.'s motion to dismiss Defendant/Counter-Plaintiff Amerifone Corporation's counterclaim of fraud in the inducement (Dkt. 52). The issues have been fully briefed. Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court denies the motion.

**I. BACKGROUND**

      The Court addressed the factual and procedural background of this case in an opinion and order granting in part and denying in part Amerifone and Defendant Issam Beydoun's motion to dismiss (Dkt. 30) and Defendant Harold Oseff's motion to dismiss (Dkt. 31). See Galeana

1

Telecomms. Invs., Inc. v. Amerifone Corp., ___ F. Supp. 3d ___, 2016 WL 4205997, at *1-3 (E.D. Mich. Aug. 10, 2016).  To avoid needless repetition, the Court sets forth a brief statement of the necessary facts to provide context for this opinion.

This case involves an agreement between Galeana and Amerifone, under which Amerifone was to purchase Metrobeam Wireless Telecommunications Co. LLC, one of Galeana's subsidiary telecommunication companies, if Galeana was able to secure a 3G spectrum license to provide cellular services in the Kingdom of Jordan.  Acquiring the license required Amerifone to submit a bid for the license to the Jordanian Telecommunications Regulatory Commission ("TRC").  That bid was ultimately rejected and Galeana brought the present action alleging breach of contract and various claims of fraud.

Amerifone, Beydoun, and Oseff filed motions to dismiss, which the Court granted in part and denied in part.  Amerifone and Beydoun thereafter filed an answer to Galeana's second amended complaint (Dkt. 47), as did Oseff (Dkt. 48).  Amerifone also asserted a counterclaim against Galeana for fraud in the inducement.

In the counterclaim, Amerifone alleges that Fouad Alaeddin (Galeana's chairman) approached Beydoun (Amerifone's chairman) in 2011 and proposed that Galeana and Amerifone work together to pursue the 3G and 4G spectrum licenses in Jordan on behalf of Metrobeam. Answer at 25, ¶ 8.  Amerifone claims that Galeana's principals made a number of misrepresentations to induce Amerifone to work with Galeana in the pursuit of the 3G and 4G licenses.  Id. at 25, ¶ 11; see also id. at 28, ¶ 23.  Specifically, Amerifone alleges that Fouad Alaeddin misrepresented to Beydoun and Amerifone that (i) "[Galeana] and Metrobeam were in good financial condition and had minimal debt," and (ii) "[Galeana] and Metrobeam were in good standing with the Jordanian Government."  Id. at 25-26, ¶¶ 12(a)-(b).  According to

Amerifone, Metrobeam was actually "experiencing severe financial distress, and was under investigation by the Jordanian government, since at least 2011," id. at 25, ¶ 10; see also id. at 27, ¶¶ 18, 21 — matters about which Amerifone allegedly had no knowledge, id. at 25, ¶ 10.

Amerifone alleges that these misrepresentations were made at the following in-person meetings:

> (1) multiple meetings at the Hyatt Hotel in Amman, Jordan between late 2011 and late 2013; (2) multiple meetings at Fouad Alaeddin's office in Amman Jordan between late 2011 and late 2013; (3) a meeting at Amerifone's office [ ] located in Southfield, Michigan during January 2013; (4) a meeting at the Skyline Club in Southfield, Michigan during August 2013; (5) a meeting in Cyprus held during late 2013; and (6) a meeting in Istanbul in late 2013.

Id. at 26, ¶ 13. Amerifone also claims that Fouad Alaeddin made these misrepresentations to Beydoun "during numerous telephone conversations between late 2011 and late 2013." Id. at 26, ¶ 14. Amerifone further alleges that Fouad's son, Hazem Alaeddin, who is an officer and director of Galeana, "attended many of the in-person meetings with Issam Beydoun and Amerifone in Amman, Jordan between late 2011 and late 2013," id. at 26 ¶ 15, and made the same misrepresentations as his father, id. at 26-27, ¶¶ 16(a)-(b).

Galeana has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming that Amerifone has failed to sufficiently allege a counterclaim for fraudulent inducement.

## II. STANDARD OF DECISION

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief." Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010). To survive a motion to dismiss, a

complaint must plead specific factual allegations, and not just legal conclusions, in support of each claim. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009).

### III. ANALYSIS

In its motion to dismiss, Galeana raises several arguments that Amerifone's fraudulent inducement counterclaim must fail. The Court considers each in turn.

#### A. Separate and Distinct Duty

Galeana argues that the counterclaim should be dismissed because Amerifone "did not claim a breach of duty that is separate and distinct from [a] breach of contract." Pl. Br. at 11. However, as Amerifone correctly points out in its response, see Def. Br. at 10 (Dkt. 56), the Court addressed this precise "separate and distinct duty" issue when ruling on Amerifone's motion to dismiss Galeana's fraud claim. In that opinion, the Court held that a fraud claim, unlike other tort claims, does not require a party to plead a breach of a duty that is separate and distinct from a breach of contract because the elements of a fraud claim "do not include a legal duty owed or breach of any duty." Galeana, 2016 WL 4205997, at *7. Therefore, the Court denies this portion of Galeana's motion to dismiss.

#### B. Reliance Regarding Financial Condition

An essential element of a fraud claim is that the plaintiff acted in reliance on the defendant's false representation. Bennett v. MIS Corp., 607 F.3d 1076, 1100-1101 (6th Cir.2010).[1] In its motion to dismiss, Galeana argues that Amerifone's counterclaim fails because

---

[1] Under Michigan law, a plaintiff asserting a claim of common-law fraud must prove the following elements:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion;

4

Amerifone contracted "a third party company, Fruit Mobile, to conduct an independent evaluation of [Galeana]/Metrobeam," and "any sort of reliance that occurred could not have been based on statements by [Galeana], but clearly would have been based upon [Amerifone's] contracted third party's evaluation." Pl. Br. at 11-12; see also Pl. Br. at 12 ("[I]t is clear that Defendant relied on its own hired third party as to the value of MetroBeam, and any statement by the Plaintiff on the subject would have been irrelevant."). This argument is unavailing.

Galeana does not provide any support for its contention that Amerifone contracted Fruit Mobile to perform an independent evaluation of Metrobeam. Upon its own review of the allegations in the counterclaim and other record evidence in this case, the Court is unable to find any reference to Fruit Mobile. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."). It appears that any relationship between Amerifone and Fruit Mobile would have be established by way of extrinsic evidence, which this Court to prohibited from considering at this stage. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 487 (6th Cir. 2009) ("Rule 12(b)(6), besides some minor exceptions, does not permit courts to consider evidence extrinsic to the pleadings.").

More importantly, Rule 12(b)(6) requires the Court to construe the counterclaim in the light most favorable to Amerifone and "accept all well-pled factual allegations as true."

---

> (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.

Bennett, 607 F.3d 1100-1101 (quoting Cummins v. Robinson Twp., 770 N.W.2d 421, 435 (Mich. Ct. App. 2009) (per curiam)).

Albrecht, 617 F.3d 893.  Amerifone clearly alleges that it "relied upon the misrepresentations set forth above in agreeing to work with [Galeana] in order to pursue 3G and 4G telecommunications licenses in the Kingdom of Jordan on behalf of [Galeana's] subsidiary, Metrobeam, entering into the Agreement and the Amendment."  Answer at 28, ¶ 25.  Accepting this allegation as true, Amerifone has sufficiently pleaded the element of reliance in support of its fraudulent inducement claim against Galeana to survive a Rule 12(b)(6) motion to dismiss.

Therefore, the Court denies this portion of Galeana's motion.

### C.  "False Accusation" Regarding Investigation by Jordanian Government

Next, Galeana argues that the allegation that it was under investigation by the Jordanian government was a "false accusation" that Amerifone has made "out of thin air."  Pl. Br. at 12.  Without any citation, Galeana intimates that, if it was under investigation, this fact would have been discovered when Amerifone visited Jordan and "met with several companies, banks, and government institutions."  Id.  Galeana also claims that "Fruit Mobile would have relayed any sort of information regarding a supposed investigation to" Amerifone.  Id. at 12-13.  Galeana further states that an investigation would have been revealed during a meeting that took place between Amerifone's principal and the TRC in December 2012.  Id. at 13 (citing 12/11/2012 Email, Ex. A to Pl. Br. (Dkt. 52-1)).  The Court disagrees with these contentions for several reasons.

First, whether or not the alleged investigation could have been discovered during any purported meetings with "companies, banks, and government institutions" is currently unsupported by any factual allegation in the counterclaim or other appropriate record evidence.  Second, whether Fruit Mobile would have informed Amerifone of an investigation is purely speculative, and, as noted above, Amerifone's counterclaim does not reference Fruit Mobile, and

6

any consideration of extrinsic evidence to support a relationship between the two is not proper under Rule 12(b)(6). Tackett, 561 F.3d 487; Bassett, 528 F.3d 430. Third, the Court similarly cannot consider the extrinsic evidence of the email Galeana attached in support of the purported meeting between Amerifone's principal and the TRC in ruling on this Rule 12(b)(6) motion to dismiss, as the exhibit is not referred to in the counterclaim and there is no argument that it is central to the counterclaim. Id.[2] And again, this Court must accept the well-pleaded factual allegation that Galeana and/or Metrobeam was under investigation as true for purposes of this motion to dismiss. Albrecht, 617 F.3d 893.

Therefore, the Court denies this portion of Galeana's motion.[3]

### D. Particularity Under Federal Rule of Civil Procedure 9(b)

Under the liberal pleading standard of Federal Rule of Civil Procedure 8, a pleader is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). When it comes to claims of fraud, however, Rule 9 requires the pleader to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b).

---

[2] The Court notes that, even if it did consider this extrinsic evidence, the email does not support the contention that a meeting between Amerifone's principal and the TRC took place in December 2012. The author of the email, Bill Crawford, is purportedly associated with Fruit Mobile, and he merely wrote in his email that he "and some of the team will be in Amman arriving late Dec 18 and departing early Dec 22" and requested that Hazim Alaeddin "organise [sic] meetings as appropriate with the Ministry of Communications and TRC to discuss Amerifone plans and spectrum requirements." 12/11/2012 Email at 2 (cm/ecf page). There is no indication in the email that any meeting between Amerifone's principal and the TRC actually took place.

[3] Galeana also argues that Amerifone's allegation that Fouad Alaeddin approached Amerifone to work together is inaccurate because "in reality [Amerifone] approached [Galeana] and continued to persist on working with them throughout the licensing and bidding process." Pl. Br. at 13. Aside from the fact that Galeana provides not citation to support this factual assertion, Galeana fails to explain how this factual dispute warrants dismissal of the counterclaim under Rule 12(b)(6).

Influenced by Rule 8's admonition of simplicity, the Sixth Circuit reads the requirements of Rule 9(b) liberally, "requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir. 1999) (quoting Coffey v. Foamex L.P., 2 F.3d 157, 161-162 (6th Cir. 1993)); see also United States ex rel. SNAPP, Inc. v. Ford Motor Co., 532 F.3d 496, 503 (6th Cir. 2008) ("Rule 9(b) should be interpreted in harmony with Rule 8's statement that a complaint must only provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."). Ultimately, the "purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." Advocacy Org. for Patients & Providers, 176 F.3d at 322 (citing Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 679 (6th Cir. 1988)); United States ex rel. SNAPP, Inc., 532 F.3d at 504 ("Rule 9(b) exists predominantly for the same purpose as Rule 8: to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading.").

Galeana argues that the counterclaim should be dismissed because Amerifone failed to plead fraud with the requisite particularity under Rule 9(b). See generally Pl. Br. at 14-16.[4]

---

[4] Like many of the other arguments in its motion, Galeana raises a host of arguments at the beginning of the section pertaining to particularity that are not supported by any factual allegations from the counterclaim or other record evidence. For instance, Galeana claims that it provided Amerifone with its financial records, and Amerifone had access to the financial records through Fruit Mobile. Pl. Br. at 15. However, Galeana provides no citation to support either assertion, and, as previously discussed, the counterclaim never even references Fruit Mobile. Galeana then claims that there is no evidence that either it or Metrobeam were not in good standing with the Jordanian government. Id. Galeana has clearly confused the standard for a Rule 12(b)(6) motion to dismiss — which requires the Court to construe the counterclaim in the light most favorable to Amerifone and "accept all well-pled factual allegations as true," Albrecht, 617 F.3d 893 — with the standard for a motion for summary judgment brought

Without citation to any authority, Galeana contends that the alleged misrepresentations are "unsubstantiated" and "completely vague" because Amerifone failed to provide "any further information regarding how Plaintiff made these alleged misrepresentations, what exactly was said, and specificities regarding when they occurred," noting that some of the misrepresentations "seemingly occurred between a span of two years." Id. at 15 (emphasis added). Further, according to Galeana, "the statements purported to have been made are not even stated," but, rather, are a "mere vague paraphrasing." Id. at 15-16.[5] The Court finds these arguments unavailing.

Amerifone's counterclaim sufficiently alleges the content of the representations — that Galeana and Metrobeam were in good financial condition with minimal debt, and they were in good standing with the Jordanian government, Answer at 25-26, ¶¶ 12(a)-(b) — and that those representations were false, because "[Galeana] and Metrobeam were in dire straits financially, and owed substantial sums of money to the Jordanian Government and numerous investors," id.

---

pursuant to Rule 56. For the present motion, the Court accepts Amerifone's factual allegation of the Jordanian investigation as true and does not require other evidence to support the allegation. Last, Galeana claims that no investigation was discovered when Fruit Mobile met with the Jordanian government. Pl. Br. at 15. Again, Galeana fails to provide any factual support for this assertion, and neither the counterclaim nor the record evidence of this case suggests that any meeting ever took place.

[5] Galeana also argues that it is unclear which of the two alleged misrepresentations were made during the in-person meetings, because Amerifone "broadly combined the alleged misrepresentations into one paragraph without stating which alleged misrepresentations occurred during the generalized time periods." Pl. Br. at 16 (citing Answer at 26, ¶ 13). However, a simple and reasonable reading of the counterclaim easily disposes of this argument. Amerifone's counterclaim first provides the two representations it believes were fraudulently made. Answer at 25-26, ¶¶ 12(a)-(b). Amerifone then states that "Fouad Alaeddin made the misrepresentations set forth in [paragraph 12] on behalf of [Galeana] to Issam Beydoun and Amerifone during many in-person meetings[.]" Id. at 26, ¶ 13 (emphasis added). It is clear from the structure of the sentence and use of the plural "misrepresentations" that Amerifone has alleged that Alaeddin made both misrepresentations during the meetings. The Court finds no confusion in the manner in which the counterclaim was pleaded and rejects Galeana's argument.

9

at 27, ¶ 18, and because "[Galeana] and Metrobeam were undergoing investigation by the Jordanian Government for stealing money from investors as well as a wide range of other misconduct," id. ¶ 21. Further, Amerifone's counterclaim sufficiently alleges the time and place where the misrepresentations were made — during in-person meetings at (i) the Hyatt Hotel in Amman, Jordan, between late 2011 and late 2013; (ii) Fouad Alaeddin's office in Amman, Jordan between late 2011 and late 2013; (iii) Amerifone's office located in Southfield, Michigan, during January 2013; (iv) the Skyline Club in Southfield, Michigan, during August 2013; (v) in Cyprus, during late 2013; and (vi) in Istanbul in late 2013, id. at 26, ¶ 13. Amerifone also clearly identifies the individuals who made these representations on behalf of Galeana — Fouad Alaeddin and Hazem Alaeddin. Id. ¶¶ 12-16. The Court finds these allegations sufficient to provide fair notice to Galeana under Rules 8 and 9, allowing it to prepare an informed pleading responsive to the specific allegations of fraud. Advocacy Org. for Patients & Providers, 176 F.3d at 322; United States ex rel. SNAPP, Inc., 532 F.3d at 504.[6]

Although Galeana seems to suggest, without citation to any legal authority, that Amerifone must plead the precise statements and the exact dates upon which they made, see Pl. Br. 15-16, the Court is unaware of any authority interpreting Rule 9(b) to require a pleader to provide the exact dates or a verbatim account of the representations that it believes were fraudulent. See Byrnes v. Small, 142 F. Supp. 3d 1262, 1270 (M.D. Fla. 2015) ("[A]lthough it appears that many of the alleged misrepresentations are paraphrased in Plaintiff's own words, there is no requirement that Plaintiffs allege each misrepresentation word-for-word. Rather, as is apparent, the allegations describe the content of the misrepresentations with enough precision to alert [Defendant] as to its particular misconduct."); Alfaro v. E.F. Hutton & Co., Inc., 606 F.

---

[6] Notably, Galeana never expressly claims in its motion that the counterclaim fails to provide fair notice in order for it to prepare an informed responsive pleading.

Supp. 1100, 1108 (E.D. Pa. 1985) ("The complaint sets forth the nature of the alleged misrepresentations, and while it does not describe the precise words used, each allegation of fraud adequately describes the nature and subject of the alleged misrepresentation."); Advanced Salon Visions Inc. v. Lincoln Benefit Life Co., No. 08cv2346-LAB (WMc), 2010 WL 3341803, at *14 (S.D. Cal. Aug. 25, 2010) (holding that the plaintiffs had pleaded fraud with sufficient particularly even though the allegations did "not include the precise dates on which the allegedly fraudulent statements were made, or a verbatim recitation of what those statements were[.]").

Therefore, the Court denies this portion of Galeana's motion.

## IV. CONCLUSION

For the reasons set forth above, the Court denies Galeana's motion to dismiss Amerifone's counterclaim of fraud in the inducement (Dkt. 52).[7]

SO ORDERED.

Dated: November 30, 2016       s/Mark A. Goldsmith
   Detroit, Michigan      MARK A. GOLDSMITH
                              United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2016.

                         s/Karri Sandusky
                         Case Manager

---

[7] In its motion to dismiss, Galeana contends that Amerifone "has created false accusations in a desperate attempt to save itself, or worse, waste the court's time." Pl. Br. at 13. However, given the untenability of its arguments, Galeana is the party that has unnecessarily burdened the Court. In the future, counsel should exercise better judgment.

11